Attorney Grievance Comm'n v. Melodie Venee Shuler, Misc. Docket AG No. 14, September Term, 2014

**ATTORNEY DISCIPLINE – SANCTIONS – THIRTY-DAY SUSPENSION –** Court of Appeals suspended from practice of law in Maryland for thirty days, with condition precedent to reinstatement that lawyer satisfactorily demonstrate, by report of health care professional (acceptable to Attorney Grievance Commission and, ultimately, Court of Appeals) or other appropriate evidence, that lawyer is mentally and physically competent to resume practice of law, lawyer who essentially abandoned her representation of client before Court of Special Appeals. Such conduct violated Maryland Lawyers' Rules of Professional Conduct ("MLRPC") 1.3 (Diligence), 1.4(a)(2) (Communication), 8.4(d) (Conduct that is Prejudicial to Administration of Justice), and 8.4(a) (Violating MLRPC).

Circuit Court for Anne Arundel County
Case No. 02-C-14-188377

Argued: May 6, 2015

IN THE COURT OF APPEALS

OF MARYLAND

Misc. Docket AG No. 14

September Term, 2014

_____

ATTORNEY GRIEVANCE COMMISSION
OF MARYLAND

v.

MELODIE VENEE SHULER

_____

Barbera, C.J.
*Harrell
Battaglia
Greene
Adkins
McDonald
Watts,

JJ.

_____

Opinion by Watts, J.
Battaglia, J., dissents

_____

Filed: June 30, 2015

*Harrell, J., participated in the hearing of the
case, in the conference in regard to its decision
and in the adoption of the opinion but he retired
from the Court prior to the filing of the opinion.

This attorney discipline proceeding involves a lawyer who essentially abandoned her representation of a client before the Court of Special Appeals.

Melodie Venee Shuler ("Shuler"), Respondent, a member of the Bar of Maryland, agreed to represent Kevin Wilson ("Wilson") as the appellant in an appeal in a civil case. Shuler failed to appear before the Court of Special Appeals at the oral argument that had been scheduled in Wilson's case. On that morning, Shuler telephoned the Office of the Clerk of the Court of Special Appeals to state that she felt too ill to travel that morning and to request that oral argument be rescheduled. Sometime afterward, Shuler telephoned the Office of the Clerk of the Court of Special Appeals to check the status of Wilson's case. Shuler failed to take any further action in Wilson's case. For example, Shuler failed to file a written explanation for her absence or a written request that oral argument be rescheduled. After the Court of Special Appeals treated Wilson's case as "submitted on brief" and affirmed the trial court's judgment, Shuler failed to inform Wilson that he had not prevailed in the appeal. Wilson filed a complaint against Shuler with the Attorney Grievance Commission ("the Commission"), Petitioner.

On May 27, 2014, on the Commission's behalf, Bar Counsel filed in this Court a "Petition for Disciplinary or Remedial Action" against Shuler, charging her with violating Maryland Lawyers' Rules of Professional Conduct ("MLRPC") 1.3 (Diligence), 1.4 (Communication), 8.4(d) (Conduct that is Prejudicial to the Administration of Justice), and 8.4(a) (Violating the MLRPC).

On June 12, 2014, this Court designated the Honorable Michele D. Jaklitsch ("the hearing judge") of the Circuit Court for Anne Arundel County to hear this attorney

discipline proceeding. On September 11, 2014, the hearing judge conducted a hearing. On November 18, 2014, the hearing judge filed in this Court an opinion including findings of fact and conclusions of law, concluding that Shuler had violated MLRPC 1.3, 1.4, 8.4(d), and 8.4(a).

On May 6, 2015, we heard oral argument. For the below reasons, we suspend Shuler from the practice of law in Maryland for thirty days, with a condition precedent to reinstatement that Shuler satisfactorily demonstrate, by the report of a health care professional (acceptable to the Commission and, ultimately, this Court) or other appropriate evidence, that she is mentally and physically competent to resume the practice of law.[1]

## BACKGROUND

The hearing judge found the following facts, which we summarize.

On December 19, 2002, this Court admitted Shuler to the Bar of Maryland.

On July 17, 2012, Wilson retained Shuler to represent him as the appellant in an appeal in a civil case. On July 24, 2012, on Wilson's behalf, Shuler timely filed a brief in the Court of Special Appeals. On January 31, 2013, Shuler e-mailed Wilson to state that

---

[1]"An order of [this] Court [] that suspends [a] respondent from the practice of law for a definite period of time may specify any conditions to be satisfied before . . . the suspension expires." Md. R. 16-760(g)(1). Such a condition could be "a condition precedent to reinstatement . . . that the respondent[] demonstrate, by the report of a health care professional or other proper evidence, that the respondent is mentally and physically competent to resume the practice of law[.]" Md. R. 16-760(h)(1).

oral argument had been scheduled for February 5, 2013, and that she would "be there[.]"[2]

On February 5, 2013, Shuler failed to appear at oral argument. Shuler had intended to appear at oral argument, but felt too ill to travel that morning.[3] Shuler testified that, on that morning, she telephoned the Office of the Clerk of the Court of Special Appeals to state that she felt too ill to travel that morning and to request that oral argument be rescheduled; according to Shuler, an employee of the Office of the Clerk of the Court of Special Appeals told her that the judges who had been assigned to Wilson's case did not think that oral argument would be necessary. Sometime afterward, Shuler telephoned the Office of the Clerk of the Court of Special Appeals to check the status of Wilson's case. Shuler failed to take any further action in Wilson's case; for example, Shuler failed to file a written explanation for her absence or a written request that oral argument be rescheduled. Thus, Shuler failed to advance Wilson's interests.

On April 10, 2013, in an unreported opinion, the Court of Special Appeals affirmed the trial court's judgment in Wilson's case. Shuler failed to inform Wilson that he had not prevailed in the appeal. Thus, Shuler caused Wilson to lose the opportunity to timely petition for writ of *certiorari* in this Court. Shuler's mental state was one of carelessness.

On July 23, 2013, Bar Counsel of the District of Columbia informally admonished

---

[2]Both before the hearing judge and in this Court, Shuler has alleged that she agreed only to file a brief, not to appear at oral argument; however, the hearing judge found that Wilson retained Shuler to represent him in an appeal, and that Shuler promised to appear at oral argument.

[3]At the time, Shuler lived in Richmond, Virginia, and relied exclusively on public transportation.

Shuler for violating, among others,[4] District of Columbia Rule of Professional Conduct 8.4(d) ("It is professional misconduct for a lawyer to . . . [e]ngage in conduct that seriously interferes with the administration of justice[.]") by failing to appear at a court-ordered mediation and two hearings and by appearing late and unprepared at a third hearing, all within one case other than Wilson's, approximately between October 2012 and January 2013; at one of the hearings at which Shuler failed to appear, another lawyer appeared on Shuler's behalf and stated that Shuler was ill. Thus, Shuler has demonstrated a pattern of misconduct.

On June 19, 2014, Shuler was served with the Commission's interrogatories and requests for production of documents. On July 6, 2014, Shuler mailed to the Commission answers to the Commission's interrogatories, but failed to respond to the Commission's requests for production of documents. On both July 14, 2014 and July 21, 2014, Bar Counsel e-mailed Shuler to outline deficiencies in her answers to the Commission's interrogatories. Shuler failed to respond to Bar Counsel's e-mails. On August 15, 2014, the Commission filed a motion to compel and a motion to shorten the time to respond to the motion to compel. The hearing judge granted the motion to shorten time, and ordered that Shuler respond to the motion to compel by August 22, 2014. Shuler failed to respond to the motion to compel. On August 25, 2014, the hearing judge granted the motion to compel, and ordered that Shuler provide new answers to the Commission's interrogatories

---

[4]According to Bar Counsel of the District of Columbia, Shuler also violated District of Columbia Rules of Professional Conduct 1.6(a) (Confidentiality of Information) and 1.16(a) (Declining or Terminating Representation).

- 4 -

and respond to the Commission's requests for production of documents by August 30, 2014. Shuler intentionally failed to provide the discovery materials; instead, on August 27, 2014, Shuler filed a motion to dismiss in which she contended that she did not need to provide the discovery materials. Thus, Shuler engaged in bad faith obstruction of this attorney discipline proceeding.

As to mitigating circumstances, Shuler lacked a dishonest or selfish motive with respect to the MLRPC violations that the Commission charged, and had personal problems in the form of a history of physical illnesses.

## STANDARD OF REVIEW

In an attorney discipline proceeding, this Court reviews for clear error a hearing judge's findings of fact, and reviews without deference a hearing judge's conclusions of law. See Md. R. 16-759(b)(2)(B) ("The Court [of Appeals] shall give due regard to the opportunity of the hearing judge to assess the credibility of witnesses."); Attorney Grievance Comm'n v. Marcalus, 442 Md. 197, 202, 112 A.3d 375, 378 (2015) ("[T]his Court reviews for clear error a hearing judge's findings of fact[.]") (Citations omitted)); Md. R. 16-759(b)(1) ("The Court of Appeals shall review de novo the [hearing] judge's conclusions of law."). This Court determines whether clear and convincing evidence establishes that a lawyer violated an MLRPC. See Md. R. 16-757(b) ("The [Commission] has the burden of proving the averments of the petition [for disciplinary or remedial action] by clear and convincing evidence.").

## DISCUSSION

### (A) Contentions Other Than Exceptions

In a "Motion to Dismiss or Request for New Hearing or Allowance for Presentation of Rebuttal Evidence," Shuler contends that her right to due process was violated during this attorney discipline proceeding. Shuler appeared at the hearing and had the opportunity to observe all of the Commission's evidence, cross-examine the Commission's witnesses, offer her own evidence, and argue before the hearing judge; thus, we deny Shuler's motion.

After the hearing, the Commission filed in this Court a "Motion to Supplement the Record" with a purportedly "retaliatory" e-mail from Shuler to Wilson. Shuler filed in this Court a "Motion for Sanctions Against [Bar Counsel] and [Assistant Bar Counsel] and Response to the [Commission]'s [Motion to] Supplement" in which "Shuler requests monetary damages for having to miss work due to having to respond to the" motion to supplement. The Commission failed to attach the e-mail to the motion to supplement; thus, we deny the motion to supplement. The Commission prevails in this attorney discipline proceeding; thus, the Commission "is entitled to costs" under Maryland Rule 16-761(a), and we deny Shuler's motion for "sanctions."[5]

### (B) Findings of Fact

The Commission does not except to any of the hearing judge's findings of fact that

---

[5]For the same reason, we also deny Shuler's request for "reimbursement" made in an "Opposition to the [Commission]'s Request for a Report from a Medical Doctor as a Condition of Re-Admission, Sanction and Request for Reimbursement."

are discussed above.[6]  In her exceptions, in some instances, Shuler alleges facts without indicating whether the record contains evidence of those alleged facts.[7]  This Court overrules a party's exception to a hearing judge's finding of fact where the party alleges a fact without indicating whether the record contains evidence of the alleged fact.  See Attorney Grievance Comm'n v. Davy, 435 Md. 674, 693-94, 80 A.3d 322, 333 (2013) ("[I]n no instance does [the respondent] demonstrate that anything in the record contradicts any of the hearing judge's findings of fact . . . . [U]nable to discern any meaningful challenge to the hearing judge's findings of fact, we overrule the exceptions[.]" (Footnote omitted)).  In her exceptions, in other instances, Shuler alleges that her testimony contradicts the hearing judge's findings of fact.  A contradiction between a witness's testimony and a hearing judge's finding of fact does not alone establish that the hearing judge clearly erred; the hearing judge's role is to credit or discredit the witness's testimony, see Attorney Grievance Comm'n v. Felder, 440 Md. 272, 287, 102 A.3d 321, 330 (2014) ("[T]he hearing judge is permitted to pick and choose which evidence to rely upon from a conflicting array when determining findings of fact." (Citation and internal quotation marks omitted)), and this Court defers to the hearing judge's determination of credibility, see Md. R. 16-759(b)(2)(B) ("The Court [of Appeals] shall give due regard to the

---

[6]The Commission excepts to the hearing judge's finding as to the date on which Wilson filed a complaint against Shuler with the Commission.  We do not mention that date; thus, we need not rule on the Commission's exception.

[7]For example, without referencing the record, Shuler alleges certain facts in an attempt to challenge the validity of the informal admonition that she received from Bar Counsel of the District of Columbia.

opportunity of the hearing judge to assess the credibility of witnesses."). Here, we decline Shuler's invitation to second-guess the hearing judge's determination of credibility, and we overrule all of Shuler's exceptions to the hearing judge's findings of fact.[8]

### (C) Conclusions of Law

The Commission does not except to any of the hearing judge's conclusions of law based on the facts that are discussed below.[9] It is unclear whether Shuler excepts to the hearing judge's conclusions of law; to the extent that she does, we overrule her exceptions.

### MLRPC 1.3 (Diligence)

"A lawyer shall act with reasonable diligence and promptness in representing a client." MLRPC 1.3.

---

[8]To the extent that the "Motion to Dismiss or Request for New Hearing or Allowance for Presentation of Rebuttal Evidence" purportedly contains exceptions to the hearing judge's findings of fact, we decline to consider them because Shuler filed the motion before the hearing judge filed an opinion, thus making it impossible for the motion to address the hearing judge's findings of fact. Cf. Davy, 435 Md. at 692, 80 A.3d at 332 ("[W]e decline to consider the 'Motion to Dismiss.' Because [the respondent] filed the 'Motion to Dismiss' before the hearing judge issued her opinion, the 'Motion to Dismiss' does not address the hearing judge's findings of fact[.]").

[9]The Commission excepts to the hearing judge's conclusion that Shuler violated MLPRC 8.4(d) by failing to timely respond to the Commission's requests for discovery materials and by providing deficient answers to the Commission's interrogatories. We agree with the Commission that this Court cannot conclude that a respondent violated an MLRPC based on circumstances that the Commission did not allege in the petition for disciplinary or remedial action. See Bar Ass'n of Balt. City v. Cockrell, 274 Md. 279, 287, 334 A.2d 85, 89 (1975) ("[W]e confine [the respondent]'s accountability for professional misconduct to the charges contained in the 'Petition for Discipline[.]'"). That said, as discussed below, we agree with the hearing judge's conclusion that Shuler violated MLRPC 8.4(d) based on other facts. Additionally, in determining the appropriate sanction, we consider the hearing judge's finding that Shuler engaged in bad faith obstruction of this attorney discipline proceeding by intentionally failing to comply with the hearing judge's orders to respond to the motion to compel and to provide discovery materials.

Here, clear and convincing evidence supports the hearing judge's conclusion that Shuler violated MLRPC 1.3. Shuler failed to appear at oral argument in Wilson's case because she felt too ill to travel that morning. Even if we assume, without deciding, that Shuler's illness was good reason for her failure to appear at oral argument,[10] and even if we assume that the hearing judge credited Shuler's testimony that, on the day of oral argument, an employee of the Office of the Clerk of the Court of Special Appeals told Shuler that the judges who had been assigned to Wilson's case did not think that oral argument would be necessary, Shuler failed to act with reasonable diligence to ameliorate her failure to appear at oral argument. Aside from telephoning the Office of the Clerk of the Court of Special Appeals on two occasions, Shuler failed to take any further action in Wilson's case; for example, Shuler failed to file a written explanation for her absence or a written request that oral argument be rescheduled.

### MLRPC 1.4(a)(2) (Communication)

"A lawyer shall . . . keep the client reasonably informed about the status of the matter[.]" MLRPC 1.4(a)(2).

Here, clear and convincing evidence supports the hearing judge's conclusion that Shuler violated MLRPC 1.4(a)(2).[11] Shuler failed to inform Wilson that he had not

---

[10]A lawyer violates MLRPC 1.3 by "fail[ing] to appear for [a] scheduled court date[]" without good reason[.]" Attorney Grievance Comm'n v. Butler, 426 Md. 522, 534, 44 A.3d 1022, 1029 (2012) (citation omitted). There is no corroboration (medical or otherwise) in the record contemporaneous with Shuler's claim of illness on the day of oral argument.

[11]Without specifying a particular provision, the hearing judge concluded that Shuler violated MLRPC 1.4. We conclude that Shuler violated MLRPC 1.4(a)(2).

prevailed in the appeal.

**MLRPC 8.4(d) (Conduct that is Prejudicial to the Administration of Justice)**

"It is professional misconduct for a lawyer to . . . engage in conduct that is prejudicial to the administration of justice[.]"  MLRPC 8.4(d).  "Generally, a lawyer violates MLRPC 8.4(d) where the lawyer's conduct . . . would negatively impact the perception of the legal profession of a reasonable member of the public[.]"  Marcalus, 442 Md. at 205, 112 A.3d at 379 (citations omitted).

Here, clear and convincing evidence supports the hearing judge's conclusion that Shuler violated MLRPC 8.4(d).  Shuler failed to appear at oral argument.  Aside from telephoning the Office of the Clerk of the Court of Special Appeals on two occasions, Shuler failed to take any further action in Wilson's case.  Shuler also failed to inform Wilson that he had not prevailed in the appeal and deprived him of the opportunity to timely petition for writ of *certiorari* in this Court.  In short, Shuler essentially abandoned her representation of Wilson, and thus engaged in conduct that would negatively impact the perception of the legal profession of a reasonable member of the public.

**MLRPC 8.4(a) (Violating the MLRPC)**

"It is professional misconduct for a lawyer to[] violate . . . the" MLRPC.  MLRPC 8.4(a).

Here, clear and convincing evidence supports the hearing judge's conclusion that Shuler violated MLRPC 8.4(a).  As discussed above, Shuler violated MLRPC 1.3, 1.4(a)(2), and 8.4(d).

- 10 -

## (D) Sanction

The Commission recommends that we suspend Shuler from the practice of law in Maryland for thirty days, with a condition precedent to reinstatement that Shuler demonstrate, by the report of a health care professional or other proper evidence, that she is mentally and physically competent to resume the practice of law. Shuler does not recommend a sanction.

In Marcalus, 442 Md. at 207-08, 112 A.3d at 381, this Court stated:

> This Court sanctions a lawyer not to punish the lawyer, but instead to protect the public and the public's confidence in the legal profession. This Court [accomplishes these goals] by: (1) deterring other lawyers from engaging in similar misconduct; and (2) suspending or disbarring a lawyer who is unfit to continue to practice law.

> In determining an appropriate sanction for a lawyer's misconduct, this Court considers: ([1]) the [MLRPC that the lawyer] violated; ([2]) the lawyer's mental state; ([3]) the . . . injury [that] the lawyer's misconduct [caused or could have caused]; and ([4]) . . . aggravating [factors and/]or mitigating factors.

> Aggravating factors include: ([1]) prior attorney discipline; ([2]) a dishonest or selfish motive; ([3]) a pattern of misconduct; ([4]) multiple violations of the MLRPC; ([5]) bad faith obstruction of the attorney discipline proceeding by intentionally failing to comply with the Maryland Rules or orders of this Court [or the hearing judge]; ([6]) submission of false evidence, false statements, or other deceptive practices during the attorney discipline proceeding; ([7]) [a] refusal to acknowledge the [misconduct's] wrongful nature []; ([8]) [the victim's] vulnerability []; ([9]) substantial experience in the practice of law; ([10]) indifference to making restitution [or rectifying the misconduct's consequences]; [] ([11]) illegal conduct, including that involving the use of controlled substances[; and (12) likelihood of repetition of the misconduct].

> Mitigating factors include: ([1]) the absence of prior attorney discipline; ([2]) [the] absence of a dishonest or selfish motive; ([3]) personal or emotional problems; ([4]) timely good faith efforts to make restitution or to rectify [the misconduct's] consequences []; ([5]) full and free disclosure

- 11 -

to the Commission or a cooperative attitude toward the attorney discipline proceeding; ([6]) inexperience in the practice of law; ([7]) character or reputation; ([8]) [a] physical disability; ([9]) a mental disability or chemical dependency[,] including alcoholism or drug abuse[,] where: ([a]) there is medical evidence that the lawyer is affected by a chemical dependency or mental disability; ([b]) the chemical dependency or mental disability caused the misconduct; ([c]) the lawyer's recovery from the chemical dependency or mental disability is demonstrated by a meaningful and sustained period of successful rehabilitation; and ([d]) the recovery arrested the misconduct[,] and [the misconduct's] recurrence [] is unlikely; ([10]) delay in the attorney discipline proceeding; ([11]) the imposition of other penalties or sanctions; ([12]) remorse; [] ([13]) remoteness of prior violations of the MLRPC[; and (14) unlikelihood of repetition of the misconduct].

(Citations omitted).

In Attorney Grievance Comm'n v. Walker-Turner, 428 Md. 214, 235, 232, 51 A.3d 553, 565, 563-64 (2012), this Court suspended from the practice of law in Maryland for sixty days a lawyer who violated MLRPC 1.1 (Competence), 1.3 (Diligence), 1.4(a)(2) and (b) (Communication), and 8.4(d) (Conduct That Is Prejudicial to the Administration of Justice). The lawyer failed to appear at a trial, thus causing a trial court to enter judgment against his clients. See id. at 227, 51 A.3d at 561. The lawyer failed to timely inform his clients as much and failed to timely move for reconsideration or to vacate. See id. at 231, 228, 51 A.3d at 563, 561. The lawyer's mental state was one of "inadverten[ce]"—i.e., negligence. Id. at 234, 51 A.3d at 565. The lawyer's misconduct negatively impacted the creditworthiness of one of his clients. See id. at 234, 51 A.3d at 565. This Court noted two aggravating factors: (1) prior attorney discipline in the form of a thirty-day suspension for violating MLRPC 5.5(a) (Unauthorized Practice of Law) and two reprimands by the Commission; and (2) a pattern of misconduct in the form of failing to appear for court dates, as, in a previous instance, the lawyer had failed to appear at a court date and failed

to properly communicate with his client. See id. at 232-33, 234, 51 A.3d at 564, 565. This Court noted one mitigating factor: character, as the lawyer was "active in local legal and community organizations, [and] offer[ed] pro bono representation." Id. at 234, 51 A.3d at 565.

Here, Shuler violated MLRPC 1.3 by failing to act with reasonable diligence to ameliorate her failure to appear at oral argument; MLRPC 1.4(a)(2) by failing to inform Wilson that he had not prevailed in the appeal; and MLRPC 8.4(d) by essentially abandoning her representation of Wilson. The hearing judge found that Shuler was careless—i.e., negligent—and that Shuler failed to advance Wilson's interests and caused him to lose the opportunity to timely petition for writ of certiorari in this Court.

The hearing judge found two mitigating factors: (1) the absence of a dishonest or selfish motive with respect to the MLRPC violations that the Commission charged; and (2) personal problems, as Shuler has a history of physical illnesses.

We note four aggravating factors.[12] First, Shuler has committed multiple violations of the MLRPC. Second, the hearing judge found that Shuler engaged in bad faith

---

[12]The hearing judge found one additional aggravating factor: refusal to acknowledge the misconduct's wrongful nature. The hearing judge provided the following basis for this finding: "[Shuler] did not apologize to [] Wilson[,] and never explained her absence to the Court of Special Appeals." As to the former assertion, we are not convinced that the mere fact that a lawyer did not apologize for misconduct alone establishes that the lawyer refused to acknowledge the misconduct's wrongful nature. As to the latter assertion, the hearing judge found that Shuler testified that, on the morning of the date of oral argument, she telephoned the Office of the Clerk of the Court of Special Appeals to state that she felt too ill to travel that morning. Thus, we refrain from considering refusal to acknowledge the misconduct's wrongful nature as an aggravating factor.

obstruction of this attorney discipline proceeding by intentionally failing to comply with the hearing judge's orders to respond to the motion to compel and to provide discovery materials.[13]

Third and fourth, the hearing judge found that Shuler has received prior attorney discipline and has demonstrated a pattern of misconduct. Bar Counsel of the District of Columbia informally admonished Shuler for, among other things, failing to appear at a court-ordered mediation and two hearings and appearing late and unprepared at a third hearing, within a case other than Wilson's, approximately between October 2012 and January 2013; at one of the hearings at which Shuler failed to appear, another lawyer appeared on Shuler's behalf and stated that Shuler was ill. Similarly, here, Shuler failed to appear at oral argument due to illness in February 2013 and failed to act with reasonable diligence to ameliorate her failure to appear at oral argument.

We agree with the Commission that the appropriate sanction for Shuler's misconduct is a thirty-day suspension from the practice of law in Maryland, with a condition precedent to reinstatement that Shuler satisfactorily demonstrate, by the report of a health care professional (acceptable to the Commission and, ultimately, this Court) or other appropriate evidence, that she is mentally and physically competent to resume the practice of law. As the hearing judge found, Shuler has demonstrated a pattern of misconduct; Wilson's was the second case in which Shuler both failed to appear at a court

---

[13]Shuler's filing of a motion to dismiss in which she contended that she did not need to provide the discovery materials supports the hearing judge's finding that her failure to comply with the hearing judge's order to provide discovery materials was intentional.

date due to illness and failed to sufficiently ameliorate her failure to appear. Although occasionally missing court dates due to illness may be excusable, doing so repeatedly within a five-month period and without sufficient amelioration is not. Despite having been informally admonished by Bar Counsel of the District of Columbia, Shuler once again missed a court date and failed to ameliorate her failure to appear; thus, we must do more than slap Shuler on the wrist to protect the public and to impress upon Shuler the importance of remedying failures to appear and managing health issues so that they do not cause violations of the MLRPC. A reprimand would be particularly insufficient in light of the circumstance that Shuler has engaged in bad faith obstruction of this attorney discipline proceeding.

That said, we agree with the Commission that Shuler's misconduct is similar to, but not as egregious as, that of the lawyer in Walker-Turner, 428 Md. 214, 51 A.3d 553. Like the lawyer in Walker-Turner, id. at 227, 234, 228, 51 A.3d at 561, 565, Shuler failed to appear for a court date and negligently failed to sufficiently ameliorate her failure to appear. Unlike the lawyer in Walker-Turner, id. at 227, 51 A.3d at 561, however, Shuler failed to sufficiently ameliorate her failure to appear at an oral argument, not a trial. Failing to appear at an oral argument can be detrimental to, but is not necessarily fatal to, a party's case in the Court of Special Appeals; by contrast, failing to appear at trial almost always results in an adverse judgment, and that is exactly what happened in Walker-Turner, id. at 228, 51 A.3d at 561. Thus, in Walker-Turner, id. at 234, 51 A.3d at 565, the lawyer's misconduct was not only fatal to his clients' case, but also detrimental to the creditworthiness of one of his clients. Additionally, in Walker-Turner, id. at 232-33, 51

- 15 -

A.3d at 564, this Court had already suspended the lawyer from the practice of law in Maryland for thirty days in a previous attorney discipline proceeding. Thus, Shuler's misconduct merits a lesser sanction than the sixty-day suspension that this Court imposed in Walker-Turner, id. at 235, 51 A.3d at 565.

In an "Opposition to the [Commission]'s Request for a Report from a Medical Doctor as a Condition of Re-Admission, Sanction and Request for Reimbursement," Shuler seemingly contends that this Court cannot condition reinstatement on evidence that Shuler is mentally and physically competent to resume the practice of law because the record does not indicate that she has been diagnosed with any mental or physical condition. To the extent that Shuler contends as much, she is mistaken. Nothing in Maryland Rule 16-760(g) (Orders for Suspension or Inactive Status), Maryland Rule 16-760(h) (Conditions),[14] or this Court's precedent indicates that this Court cannot condition reinstatement on evidence that a lawyer is mentally and physically competent to resume the practice of law unless the record indicates that the lawyer has been diagnosed with a mental or physical condition. Indeed, the record need not indicate as much, as, in requiring as a condition precedent to reinstatement evidence that a lawyer is mentally and physically competent to resume the practice of law, this Court is not determining that the lawyer has a mental or physical condition; to the contrary, this Court is simply seeking additional information in furtherance of this Court's goals to protect the public and the public's confidence in the legal profession.

---

[14]See *supra* note 1.

Even if the record needed to provide a factual basis for this Court to condition reinstatement on evidence that a lawyer is mentally and physically competent to resume the practice of law, the instant record provides such a factual basis. Based on evidence that Shuler herself offered,[15] the hearing judge found that Shuler has a history of physical illnesses. As to Shuler's mental capacity, Shuler's filings include several concerning assertions; for example, in her exceptions, Shuler contends that this attorney discipline "proceeding is in violation of her first amendment right [sic] because the Commission and Court has [sic] infringed upon right [sic] to practice her religious beliefs by alleging that she have [sic] a personal or emotional problem and/or is unethical by refusing to talk by telephone in an association with a person she consider [sic] to be a disgusting human being for his disrespectful and ungrateful conduct therefore limiting her communications by email alone."[16]

Of course, in an attorney discipline proceeding, a respondent has the right to make any argument that he or she wishes before this Court, and this Court cannot conclude within

---

[15]Specifically, Shuler testified that she has cardiomyopathy and that, on both the day before and the day of oral argument in Wilson's case, she was vomiting and experiencing diarrhea. Consistently, in her exceptions, Shuler asserts that, from December 2012 through February 2013, she was "continuously ill" and "had the flu, sinus infections[,] and [a] stomach virus."

[16]In her exceptions, Shuler also contends that: (1) this attorney discipline proceeding "is in violation of her first amendment right [sic] because the Commission and Court has [sic] attempted to extort an expression of a feeling of remorse for what occurred in Mr. Wilson's case when Mr. Wilson misconduct [sic] and lies resulted in his initial termination from employment"; and (2) this attorney discipline "proceeding is in violation of her civil rights by the continued claim that she is incompetent, in experience [sic], and could not do an appellate argument without having knowledge of her employment history, case history, appellate experience or received an evaluation of her skills and overlook the true facts of the case and use false facts to support preconceived bias of Ms. Shuler's capabilities."

the same attorney discipline proceeding that the respondent violated an MLRPC in making an argument before this Court. See Bar Ass'n of Balt. City v. Cockrell, 274 Md. 279, 287, 334 A.2d 85, 89 (1975) ("[W]e confine [the respondent]'s accountability for professional misconduct to the charges contained in the 'Petition for Discipline[.]'"). That said, where this Court has determined that a respondent violated an MLRPC based on facts that are mentioned in the petition for disciplinary or remedial action, this Court may, for purposes of determining an appropriate sanction, consider the respondent's actions during the attorney discipline proceeding. See, e.g., Marcalus, 442 Md. at 207-08, 112 A.3d at 381 (This Court listed as aggravating factors "bad faith obstruction of the attorney discipline proceeding" and "deceptive practices during the attorney discipline proceeding[.]" (Citation omitted)).

For the above reasons, we suspend Shuler from the practice of law in Maryland for thirty days, with a condition precedent to reinstatement that Shuler satisfactorily demonstrate, by the report of a health care professional (acceptable to the Commission and, ultimately, this Court) or other appropriate evidence, that she is mentally and physically competent to resume the practice of law. The suspension will begin thirty days after the date on which this opinion is filed.

> **IT IS SO ORDERED; RESPONDENT SHALL PAY ALL COSTS AS TAXED BY THE CLERK OF THIS COURT, INCLUDING COSTS OF ALL TRANSCRIPTS, PURSUANT TO MARYLAND RULE 16-761(b), FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR OF THE ATTORNEY GRIEVANCE COMMISSION AGAINST MELODIE VENEE SHULER.**

Misc. Docket AG No. 14
September Term, 2014

ATTORNEY GRIEVANCE
COMMISSION OF MARYLAND

v.

MELODIE VENEE SHULER

Barbera, C.J.
*Harrell
Battaglia
Greene
Adkins
McDonald
Watts,

JJ.

Dissenting Opinion by Battaglia, J.

Filed: June 30, 2015

*Harrell, J., participated in the hearing of the
case, in the conference in regard to its
decision and in the adoption of the majority
opinion but he retired from the Court prior
to the filing of the opinion.

I respectfully dissent from the thirty-day sanction imposed by the majority, because I believe that an indefinite suspension is the appropriate sanction.

Why I would impose a greater sanction relates to the hearing judge's finding that Shuler lacked remorse or, more cogently, that Shuler did not accept responsibility for her acts. The hearing judge found that, "[Shuler] did not apologize to Mr. Wilson and never explained her absence to the Court of Special Appeals." The hearing judge, additionally, exhorted that she had concerns regarding Shuler, because of "[Shuler's] refusal to admit or acknowledge any wrongdoing on her part and her lack of remorse for her behavior." Although the majority overrules Shuler's exception to the hearing judge's finding of lack of remorse, it kicks the finding to the side, stating, "we are not convinced that the mere fact that a lawyer did not apologize for misconduct alone establishes that the lawyer refused to acknowledge the misconduct's wrongful nature." Slip. Op. at 13 n.12. I would not do so.

Further, "for purposes of determining an appropriate sanction," we may "consider the respondent's actions during the attorney discipline proceeding." Slip Op. at 18. In that vein, Shuler continued to fail to acknowledge any wrongdoing on her part when, before us, she urged that she "has no problem of expressing remorse for something she actually had done wrong; but Mr. Wilson and the Commission presented false evidence". Shuler again failed to accept responsibility for her failure to appear in the Court of Special Appeals, not informing her client that he had been unsuccessful in his appeal and forsaking a petition for *certiorari* before us when she, during oral argument, continued to renounce the suggestion that she ought to have apologized to her client:

[SHULER]: And to say that I should apologize to someone that's being so disrespectful towards me and who has committed a crime[1] towards me is really being unreasonable and anything that said in court is being unreasonable.

In rejecting the hearing judge's finding that Shuler lacked remorse, the majority relies on *Walker-Turner* for its conclusion that a thirty-day suspension is appropriate. The lesser sanction in *Walker-Turner*, however, was directly attributable to Walker-Turner's clear expression of remorse. We recognized, for example, "that Walker-Turner worked with [his client's judgment creditor] in an attempt to cure the consequences of the entry of the judgment", which was the heart of his transgression. *Id.* at 234, 51 A.3d at 565.

More appropriate to our analysis are *Attorney Grievance v. Kovacic*, 389 Md. 233, 884 A.2d 673 (2005), and *Attorney Grievance v. Lee*, 393 Md. 546, 903 A.2d 895 (2006), in which indefinite suspensions were ordered. In *Kovacic*, the attorney violated MLRPC 1.3, 1.4 and 8.1(b) (failure to respond to Bar Counsel), by failing to communicate with her client in a divorce proceeding and failing to respond timely to Bar Counsel's inquiries. We imposed an indefinite suspension, recognizing as a significant aggravating factor that there was no finding of remorse, which left nothing to allay "the likelihood of a repetition of the conduct." *Kovacic*, 389 Md. at 240, 884 A.2d at 677; *cf. Attorney Grievance v. McClain*, 373 Md. 196, 212, 817 A.2d 218, 228 (2003) ("[A]n attorney's voluntary termination of the charged misconduct, when accompanied by an appreciation

---

[1] The "crime" to which Shuler refers is her client's filing of the instant action.

2

of the serious impropriety of that past conduct and remorse for it, may be evidence that the attorney will not again engage in such misconduct.").

In *Lee*, the attorney violated MLRPC 1.3, 1.4, 1.16 (Terminating Representation), 3.2 (Expediting Litigation), 8.1(b) and 8.4(d), by failing to respond to requests by the client's Bankruptcy Trustee as well as Bar Counsel. We noted that Lee had not "demonstrated remorse" and that subsequent remedial acts were not "motivated by true remorse," rather they were "an attempt to procure a withdrawal of the complaint." *Lee*, 393 Md. at 567, 903 A.2d at 908. Reflecting upon *Kovacic*, in *Lee*, we, accordingly, imposed an indefinite suspension. Similarly, Shuler's demeanor does nothing to assuage the concern that she will repeat her misconduct.

The fact also that Bar Counsel recommended a thirty-day suspension, with a condition precedent to readmission, also is of no benefit to the Respondent herein, because we may exceed Bar Counsel's recommendation and "order any lawful sanction [we] deem[] appropriate in a given case." *Attorney Grievance v. Duvall*, 373 Md. 482, 493, 819 A.2d 343, 349 (2003) ("Rule 16-759(c)[, which provides the sanctions that we may order,] and the nature of the Court's jurisdiction in attorney discipline matters, gives the Court the authority to order any lawful sanction it deems appropriate in a given case."); *see also Attorney Grievance v. Katz*, 429 Md. 308, 317, 55 A.3d 909, 914 (2012) ("This Court . . . has the long-established duty to impose discipline that is consistent with our attorney disciplinary jurisprudence by assessing, independently, the propriety of the sanction imposed by a sister jurisdiction, as well as the sanction recommended by Bar Counsel."). It is important to note that Bar Counsel's recommendation was made before

3

Shuler again failed to acknowledge her shortcoming during oral argument before this Court. An attorney's repeated failure to acknowledge her wrongdoing should not go unnoticed.

Accordingly, I would order an indefinite suspension, because I am not sanguine that Shuler appreciates the seriousness of her misconduct.