*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

**DISTRICT OF COLUMBIA COURT OF APPEALS**

**No. 15-BG-924**

IN RE: MELODIE V. SHULER,
                              Respondent.
**Bar Registration No.  488686**

BEFORE:    Blackburne-Rigsby, Associate Judge, and Newman and Ferren, Senior Judges.

**ORDER**
(FILED - November 5, 2015)

On consideration of the certified order of the Court of Appeals of Maryland suspending respondent from the practice of law in that jurisdiction for a period of 30 days with reinstatement conditioned on her showing that she is mentally and physically competent to resume the practice of law, *see Attorney Grievance Comm'n of Maryland v. Shuler,* 117 A.3d 38 (Md. 2015), this court's August 25, 2015, order directing respondent to show cause why reciprocal discipline should not be imposed with reinstatement contingent on proof that her disability has ended pursuant to D.C. Bar R. XI,  §13 (g), and the statement of Bar Counsel regarding reciprocal discipline, and it appearing that respondent has failed to file either a response to this court's order to show cause or an affidavit as required by D.C. Bar R. XI,  §14 (g), it is

ORDERED that Melodie V. Shuler is hereby suspended from the practice of law in the District of Columbia for 30 days with reinstatement conditioned on her showing that her disability has ended pursuant to pursuant to D.C. Bar R. XI § 13 (g). *See In re Sibley*, 990 A.2d 483 (D.C. 2010), and *In re Fuller*, 930 A.2d 194, 198 (D.C. 2007) (rebuttable presumption of identical reciprocal discipline applies to all cases in which the respondent does not participate).  It is

FURTHER ORDERED that for purposes of reinstatement the period of respondent's suspension will not begin to run until such time as she files a D.C. Bar R. XI, § 14 (g) affidavit.

PER CURIAM