46 A.3d 407

ATTORNEY GRIEVANCE COMMISSION OF MARYLAND

v.

James Charles August MOELLER.

Misc. Docket AG No. 49, Sept. Term, 2007.

Court of Appeals of Maryland.

June 22, 2012.

Fletcher P. Thompson, Assistant Bar Counsel, (Glenn M. Grossman, Bar Counsel (Attorney Grievance Commission of Maryland)), for Petitioner.

No argument on behalf of Respondent.

Argued before: BELL, C.J., HARRELL, BATTAGLIA, GREENE, MURPHY,* and RAKER (Retired, Specially Assigned), and CATHELL (Retired, Specially Assigned), JJ.

PER CURIAM.

Petitioner, Attorney Grievance Commission, acting through Bar Counsel, filed with this Court a Petition for Disciplinary or Remedial Action against Respondent, James C.A. Moeller, on November 5, 2007. The petition alleged numerous viola-

---

* Murphy, J., now retired, participated in the hearing and conference of this case while an active member of this Court but did not participate in the decision or adoption of this opinion.

tions of the Maryland Lawyers' Rules of Professional Conduct (MLRPC) arising out of an overdrawn trust account maintained by Respondent. Specifically, the petition charged Respondent, who was admitted to the Bar of this Court on June 21, 1984, with violations of MLRPC 1.1 (competence); 1.15 (safekeeping property); 8.1 (bar admission and disciplinary matters); and 8.4 (misconduct).

Consistent with Maryland Rule 16–752(a),[1] we assigned the matter to the Honorable Judge Emory A. Plitt, Jr. of the Circuit Court for Harford County, to hear evidence and submit findings of fact and conclusions of law. Respondent was personally served with the petition and summons, but failed to answer within the time prescribed. Petitioner then moved for an Order of Default, which the Circuit Court granted, pursuant to Maryland Rule 2–613(b)[2]. Respondent never sought to vacate the Order of Default, and a hearing was scheduled for the matter to proceed. Pursuant to the Order of Default, Judge Plitt heard the matter on March 28, 2008, despite Respondent's absence. Based on the evidence presented by Bar Counsel, Judge Plitt found by clear and convincing evidence that Respondent had violated MLRPC 1.1, 1.15(a), 8.1(b), and 8.4(d).

## I.

Judge Plitt made the following findings of fact with respect to the alleged violations: On June 29, 2006, Petitioner received

---

1. Rule 16–752(a) provides:

 (a) **Order.** Upon the filing of a Petition for Disciplinary or Remedial Action, the Court of Appeals may enter an order designating a judge of any circuit court to hear the action and the clerk responsible for maintaining the record. The order of designation shall require the judge, after consultation with Bar Counsel and the attorney, to enter a scheduling order defining the extent of discovery and setting dates for the completion of discovery, filing of motions, and hearing.

2. Rule 2–613(b) provides:

 **Order of default.** If the time for pleading has expired and a defendant has failed to plead as provided by these rules, the court, on written request of the plaintiff, shall enter an order of default. The request shall state the last known address of the defendant.

a notice from Bank of America that Respondent's client trust account was overdrawn by $271.54. A check dated June 13, 2006 in the amount of $1,900.00, payable to Baltimore County, Maryland, caused the overdraft. Petitioner sent Respondent three separate letters, between July and September 2006, concerning the overdraft and requesting an explanation. The first letter, sent through certified mail, was returned as unclaimed. The second and third letters were sent through regular mail (and presumably not returned to sender), and Respondent failed to respond to either. Shortly after Petitioner sent the third letter, Petitioner's investigator telephoned Respondent on two separate occasions, leaving messages both times. Respondent failed to respond to those messages. Petitioner's investigator then sought to contact Respondent by visiting his home residence. He knocked on the door, but received no answer. Petitioner's investigator left his business card wedged in the front door, but received no subsequent response.

On December 28, 2006, Petitioner's investigator again visited Respondent's home, this time to serve a subpoena for the bank records from the overdrawn account. At this visit, the investigator was successful in reaching Respondent; Respondent answered the door and spoke with the investigator in the basement of his home, which also served as his law office. During the interview, Respondent acknowledged that he recalled receiving something from Petitioner, but had not responded to the letters due to health problems. Respondent stated that he suffered from strokes and heart attacks, with the most recent incident occurring on November 6, 2006. Respondent explained that the overdraft occurred because the recordation tax for a deed was more costly than originally estimated. Respondent told the investigator that he does not have any clients, no longer practices law, and is decertified because he does not have the money to pay his annual assessment to the Client Protection Fund.

The account records obtained reveal that the negative balance remained on the trust account until October 26, 2006, the date on which the bank closed the account. Those records

also demonstrate that, from April 13, 2006 to the overdraft date (June 26, 2006), the account balance was below $1,900.00, which is the amount of the check payable to Baltimore County that overdrew the trust account. Between January 1, 2006 and the overdraft date, there were no deposits of $1,900.00 or more into that account. Therefore, the funds associated with the overdraft necessarily had been deposited already as of January 1, 2006. Finally, between January 6, 2006 and June 20, 2006, Respondent withdrew from the trust account funds for his own use five times, totaling $650.00. Respondent also had an AOL service charge during that period for $167.47.

Based on the foregoing findings of fact, Judge Plitt made the following conclusions of law: Respondent violated MLRPC 1.1[3] (competence) by failing to collect enough money to pay the recordation tax associated with a real estate settlement; this error showed a lack of thoroughness and violated the rule. By invading funds belonging to a client and failing to hold the client's property separately from his own, Respondent violated MLRPC 1.15(a)[4] (safe keeping property). Specifically, Respondent's conduct violated MLRPC 1.15(a) because he failed to maintain a sufficient balance in the trust account and he withdrew monies for personal matters. Respondent violated MLRPC 8.1(b)[5] (bar admission and disciplinary matters) by

---

**3.** MLRPC 1.1 provides:

A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.

**4.** MLRPC 1.15(a) provides:

A lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property. Funds shall be kept in a separate account maintained pursuant to Title 16, Chapter 600 of the Maryland Rules, and records shall be created and maintained in accordance with the Rules in that Chapter. Other property shall be identified specifically as such and appropriately safeguarded, and records of its receipt and distribution shall be created and maintained. Complete records of the account funds and of other property shall be kept by the lawyer and shall be preserved for a period of at least five years after the date the record was created.

**5.** MLRPC 8.1 provides, in pertinent part:

knowingly failing to answer Petitioner's inquiries. The conversation with Petitioner's investigator demonstrated that Respondent had knowledge of Petitioner's prior letters, which requested responses and information regarding the overdraft. Assuming Respondent had health issues, for at least a portion of the relevant time period, Respondent knew about Petitioner's letters, could have responded, but nevertheless failed to do so. Respondent also violated MLRPC 8.4(d) [6] (misconduct) by failing to maintain sufficient funds in the trust account and failing to respond to Petitioner.

## II.

This Court has original and complete jurisdiction over attorney discipline proceedings. Based on an independent review of the record, we accept a hearing judge's findings of fact as prima facie correct unless shown to be clearly erroneous. *Att'y Griev. Comm'n v. Brown,* 426 Md. 298, 315, 44 A.3d 344 (2012). Respondent, despite proper notification of these disciplinary proceedings, failed to file responsive pleadings or appear at oral argument before this Court, and neither Petitioner nor Respondent filed exceptions to Judge Plitt's findings. The Circuit Court's factual findings are therefore "established for the purpose of determining appropriate sanctions." Md. Rule 16–759(b)(2)(A) [7].

---

An applicant for admission or reinstatement to the bar, or a lawyer in connection with a bar admission application or in connection with a disciplinary matter, shall not:
(b) fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter, or knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority, except that this Rule does not require disclosure of information otherwise protected by Rule 1.6.

**6.** MLRPC 8.4 provides, in pertinent part:

It is professional misconduct for a lawyer to:
(d) engage in conduct that is prejudicial to the administration of justice;

**7.** Rule 16–759(b)(2) provides, in pertinent part: "Findings of Fact. (A) If no exceptions are filed. If no exceptions are filed, the Court may

■ With respect to a hearing judge's conclusions of law, no deference applies and we review those conclusions de novo. *Brown,* 426 Md. at 318, 44 A.3d at 357. For the reasons that follow, we agree with Judge Plitt's conclusions of law that Respondent violated MLRPC 1.1, 1.15(a), 8.1(b), and 8.4(d).

■ MLRPC 1.1 requires an attorney to provide competent representation, characterized by thorough preparation. Respondent's failure to collect and maintain sufficient monies in his trust account to pay the recordation tax associated with a property settlement demonstrated a lack of thoroughness in his representation with respect to that matter. *See Att'y Griev. Comm'n v. Agiliga,* 422 Md. 613, 616–17, 31 A.3d 103, 105 (2011) (agreeing with hearing judge's conclusion that the attorney violated MLRPC 1.1, in part, by failing to maintain a trust account).

■ MLRPC 1.15(a) requires an attorney to maintain client funds in a trust account, separate from the attorney's personal and operating funds. Respondent violated this rule by failing to maintain his own funds separate from client funds, as evidenced by the fact that Respondent withdrew funds for his personal use and had a series of personal charges (AOL) deducted from the trust account. Therefore, Respondent's failure to maintain his trust account separately from his personal funds also violates MLRPC 1.15(a). *See, e.g., Att'y Griev. Comm'n v. Nussbaum,* 401 Md. 612, 638, 934 A.2d 1, 16 (2007) (concluding that attorney who commingled and improperly withdrew funds from a trust account violated MLRPC 1.15(a)); *Att'y Griev. Comm'n v. Zuckerman,* 386 Md. 341, 369, 872 A.2d 693, 710 (2005) (concluding that an attorney's failure to handle settlement funds properly violated MLRPC 1.15(a)).

■ MLRPC 8.1(b) prohibits an attorney from knowingly failing to respond to a demand for information from a disciplinary authority. Respondent ignored Bar Counsel's letters

---

treat the findings of fact as established for the purpose of determine appropriate sanctions, if any."

requesting information and responses, despite his admission of having received them. He made no effort to provide the requested information and explanation; nor did he attempt to inform Bar Counsel of any health issues that would delay a response. Therefore, Respondent's conduct violated MLRPC 8.1(b). *See, e.g., Att'y Griev. Comm'n v. Harrington,* 367 Md. 36, 49–50, 785 A.2d 1260, 1268 (2001) (holding that the failure to respond to Bar Counsel's request for information violated MLRPC 8.1(b)).

■ Lastly, MLRPC 8.4(d) provides that conduct "prejudicial to the administration of justice" is professional misconduct. An attorney, such as Respondent, who fails to maintain a client trust account in accordance with the applicable rules commits conduct prejudicial to the administration of justice, in violation of MLRPC 8.4(d). *See Zuckerman,* 386 Md. at 374–75, 872 A.2d at 713 (holding that misusing a trust account is prejudicial to the administration of justice); *Att'y Griev. Comm'n v. Brown,* 380 Md. 661, 668, 846 A.2d 428, 432 (2004) (agreeing with the hearing judge's conclusions of law that misappropriation of client funds is prejudicial to the administration of justice).

### III.

Having concluded that Respondent violated MLRPC 1.1, 1.15(a), 8.1(b), and 8.4(d), what remains for us to consider is the appropriate sanction to impose on Respondent. Petitioner recommends indefinite suspension as the appropriate sanction for Respondent's violations. In support of that sanction, Petitioner points to the hearing judge's findings and highlights Respondent's decertified status, lack of clientele, and failure to provide any information related to his fitness to continue practicing law.

■ We determine the appropriate sanction for ethical violations based on the "interest in protecting the public and its attendant confidence in the legal profession." *Att'y Griev. Comm'n v. Reinhardt,* 391 Md. 209, 223, 892 A.2d 533, 541 (2006); *accord Att'y Griev. Comm'n v. Brady,* 422 Md. 441,

461, 30 A.3d 902, 913 (2011) (stating that the public is protected by sanctioning misconduct in order to deter future violations of the Maryland Rules of Professional Conduct). Sanctions depend on the particular facts and circumstances of that case. *E.g., Att'y Griev. Comm'n v. MacDougall*, 384 Md. 271, 283, 863 A.2d 312, 320 (2004).

 We agree with Petitioner that indefinite suspension is an appropriate sanction for Respondent. Respondent failed to collect enough money to pay the recordation tax associated with a real estate settlement (thereby failing to maintain sufficient funds in his trust account), failed to keep property of clients and third persons separate from his own property, and failed to respond to Bar Counsel's inquiries with respect to the investigation of this disciplinary matter. As we shall see, our cases support that indefinite suspension is an appropriate sanction for these violations, as there is no accompanying MLRPC 8.4(c)[8] violation and no finding that Respondent acted with any fraudulent or deceptive intent.

In *Attorney Grievance Commission v. Mba–Jonas*, 397 Md. 690, 919 A.2d 669 (2007), the attorney had multiple trust account irregularities. *Id.* at 695–96, 919 A.2d at 672–73. Based on the hearing judge's findings and conclusions, as well as the exceptions filed by Petitioner in that case, we concluded that Mba–Jonas violated MLRPC 1.15(a), 8.1, and 8.4(d). *Id.* at 700–02, 919 A.2d at 675–76. We then determined that the proper sanction was indefinite suspension because, in addition to his failure to maintain the trust account properly, Mba–Jonas failed to cooperate with Bar Counsel. *Id.* at 702–04, 919 A.2d at 676–77.

Our decision in *Attorney Grievance Commission v. Steinberg*, 385 Md. 696, 870 A.2d 603 (2005), also informs our decision as to the proper sanction for Respondent in the

---

**8.** MLRPC 8.4, in pertinent part states:
 It is professional misconduct for a lawyer to:
 
 \* \* \*
 
 (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

matter *sub judice.* Steinberg had failed to respond to requests from Bar Counsel of the District of Columbia. *Id.* at 700, 870 A.2d at 604. We concluded that this conduct violated MLRPC 8.1(b) and 8.4(d) and determined that indefinite suspension was the proper sanction because Steinberg's failure to cooperate had "a direct and adverse impact on [the] grievance mechanism." *Id.* at 705, 870 A.2d at 608.

Finally, we turn to the matter of *Attorney Grievance Commission v. Rose,* 383 Md. 385, 859 A.2d 659 (2004), in which the attorney had overdrawn his trust account. *Id.* at 389, 859 A.2d at 661. The hearing judge concluded, and we agreed, that Rose had violated MLRPC 1.15(a), 8.1(b), and 8.4(d) based on his improper maintenance of his trust account as well as his additional failure to respond to Bar Counsel's requests. *Id.* at 391–92, 859 A.2d at 662–63. We determined that the appropriate sanction in that case, too, was indefinite suspension, with a right to apply for reinstatement after six months, because there was "no allegation of dishonesty or misappropriation." *Id.* at 392, 859 A.2d at 663.

Each of the cases discussed above involved violations of the MLRPC similar to those we have concluded Respondent's conduct violated. And, in each of those matters we imposed the sanction of indefinite suspension. Similar to our reasoning in *Rose,* there has been no allegation of dishonesty or fraud, let alone an additional violation of MLRPC 8.4(c). Moreover, although Respondent's violations were more numerous than those in *Mba–Jonas, Steinberg,* and *Rose,* the additional MLRPC 1.1 violation is based on the same conduct as underlay the MLRPC 1.15(a) violations. Therefore, indefinite suspension, as opposed to disbarment, is the appropriate sanction. *Compare Att'y Griev. Comm'n v. Tanko,* 427 Md. 15, 54–55, 45 A.3d 281 (2012) (imposing indefinite suspension because the attorney "did not act with a selfish motive or an intent to deceive"), *with Att'y Griev. Comm'n v. Goodman,* 426 Md. 115, 132, 43 A.3d 988 (2012) (" '[M]isappropriation of funds by an attorney is an act infected with deceit and dishonesty and ordinarily will result in disbarment in the absence of compelling extenuating circumstances justifying a lesser sanction.' ")

(quoting *Att'y Griev. Comm'n v. Roberts*, 394 Md. 137, 166, 904 A.2d 557, 574 (2006)), *Att'y Griev. Comm'n v. Jarosinski*, 411 Md. 432, 456–57, 983 A.2d 477, 491–92 (2009) (disbarring an attorney who intentionally misappropriated funds, failed to cooperate with Bar Counsel, and was found to have violated MLRPC 8.4(b)), *and Nussbaum*, 401 Md. at 648, 934 A.2d at 22 ("Given the Respondent's willful and intentional misappropriation of client funds over a period of two years, we are persuaded that the public only would be protected by the imposition of a sanction of disbarment.").

Accordingly, we order Respondent suspended indefinitely.

IT IS SO ORDERED; RESPONDENT SHALL PAY ALL COSTS AS TAXED BY THE CLERK OF THIS COURT, INCLUDING COSTS OF ALL TRANSCRIPTS, PURSUANT TO MARYLAND RULE 16–761, FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR OF THE ATTORNEY GRIEVANCE COMMISSION AGAINST JAMES C.A. MOELLER.