*Attorney Grievance Commission of Maryland v. Jerome P. Johnson*, Misc. Docket AG No. 36, September Term 2017.  Opinion by Hotten, J.

**ATTORNEY DISCIPLINE — SANCTIONS — DISBARMENT**

The Court of Appeals disbarred Respondent, Jerome P. Johnson, who violated Maryland Attorneys' Rules of Professional Conduct 19-301.15, 19-407, 19-308.1, and 19-308.4. These violations stemmed from Respondent's failure to properly manage his attorney trust account and Respondent's failure to promptly and sufficiently respond to Bar Counsel.  In aggregate, Respondent's violations represent a neglect for his professional responsibilities. Respondent's failure to create and maintain records relating to the funds in his trust account, knowing and repeated failure to respond to Petitioner's lawful demands for information in a timely manner, and prejudicial conduct towards the legal profession, in conjunction with a number of aggravating factors warrants disbarment.

Circuit Court for Harford County
Case No. 12-C-17-002930
Argued: November 2, 2018

IN THE COURT OF APPEALS

OF MARYLAND

Misc. Docket AG No. 36

September Term, 2017

_____

ATTORNEY GRIEVANCE
COMMISSION OF MARYLAND

v.

JEROME P. JOHNSON

_____

Barbera, C.J.,
Greene,
McDonald,
Watts,
Hotten,
Getty,
*Adkins, Sally D.,
(Senior Judge, Specially Assigned)

JJ.

_____

Opinion by Hotten, J.

_____

Filed: January 22, 2019

Pursuant to Maryland Uniform Electronic Legal
Materials Act
(§§ 10-1601 et seq. of the State Government Article) this document is authentic.



Suzanne C. Johnson, Clerk

On November 3, 2017, the Attorney Grievance Commission of Maryland, acting through Bar Counsel ("Petitioner"), filed a Petition for Disciplinary or Remedial Action against Jerome P. Johnson ("Respondent"). After Petitioner had made reasonable efforts to serve Respondent, Judge Paul W. Ishak of the Circuit Court for Harford County ("the hearing judge"), authorized substitute service upon the Client Protection Fund pursuant to Maryland Rule 19-723.

Respondent failed to file an answer to the petition "within 15 days after a copy of the petition and order was mailed . . ." as required by Md. Rule 19-724(a)(2). On May 17, 2018, Petitioner filed a Request for Order of Default. *See* Md. Rule 19-724(c). On May 21, 2018, the hearing judge signed an Order of Default, which included notice that a hearing would be held on June 29, 2018 at 9:00 a.m.

The clerk of the circuit court issued notice of the entry of default on May 22, 2018. Respondent did not move to vacate the order within 30 days after its entry. *See* Md. Rule 2-613(c) and (d). Respondent failed to appear in court on June 29, 2018, when the case was called for a hearing.

At the June 29, 2018 hearing, Petitioner submitted an exhibit binder containing seventeen numbered exhibits that the court received in evidence. The hearing judge considered the exhibits and averments of the petition, recognizing the prior pronouncement of the Court of Appeals that "where an order of default has been entered in a [disciplinary] case and not vacated, the hearing judge may accept the averments in the Petition for Disciplinary or Remedial Action as admitted and is not obligated to conduct a hearing."

*Attorney Grievance Commission v. Johnson*, 450 Md. 621, 642, 150 A.3d 338, 350-51 (2016).

## THE HEARING JUDGE'S FINDINGS OF FACT

We summarize the hearing judge's findings of fact. Respondent was admitted to the Maryland Bar on June 23, 1998. Pursuant to an Opinion and Order filed December 14, 2016 in Misc. Docket AG No. 68, September Term, 2015, this Court suspended Respondent from the practice of law in Maryland for one year, effective thirty days from the date of the opinion. *Attorney Grievance Commission v. Johnson*, 450 Md. 621, 150 A.3d 338 (2016), *reconsideration denied* Jan. 19, 2017. Respondent's one-year suspension took effect January 13, 2017.[1]

The misconduct charges outlined in the present matter involve events that preceded Respondent's suspension. During a period of approximately eight months prior to his suspension, while the disciplinary matter resulting in that suspension was pending, Respondent repeatedly ignored Petitioner's inquiries and lawful requests for information based on PNC Bank's reported overdraft in Respondent's attorney trust account, discussed in detail *infra*. When Petitioner's efforts to obtain a response from Respondent proved fruitless, Petitioner filed the additional disciplinary charges that are currently at issue. Petitioner's action was filed after Respondent was suspended from practicing law. As such,

---

[1] As of August 1, 2018, Respondent remains suspended, having filed no petition for reinstatement.

2

these particular allegations were not before us in crafting our sanction of suspension in the previous *Johnson* opinion.

On or about April 21, 2016, Petitioner received a notice from PNC Bank, reporting an overdraft on Respondent's Attorney Trust Account (account number ending in 0313). The reporting form indicated that an item in the amount of $37.54 on February 22, 2016, caused an overdraft of $30.37.

On April 28, 2016, Petitioner sent Respondent identical letters by both regular and certified mail to the address maintained by Respondent with the Client Protection Fund of the Bar of Maryland. Petitioner requested a written explanation for the overdraft, as well as account records specified in the letter. The envelope containing the certified letter was returned to Petitioner "unclaimed" by the post office after two notices were left at the P.O. Box maintained by Respondent.

The letter sent by regular mail was not returned and presumably was delivered to Respondent's post office box. However, Respondent failed to respond to Petitioner's April 28, 2016 correspondence.

On June 6, 2016, Charles E. Miller, IV, an investigator for Petitioner, spoke to Respondent and received verbal agreement that Respondent would provide a response by June 10, 2016. Respondent failed to respond by that date.

On July 12, 2016, Mr. Miller sent Respondent a letter describing their previous communication and directing him to respond to Petitioner's overdraft inquiry by July 22, 2016. Respondent failed to respond by that date.

On August 15, 2016, following further communication with Mr. Miller, Respondent faxed copies of his trust account bank statements for the months of February through May 2016, without any written explanation concerning the cause of the February 22, 2016 overdraft. Respondent failed to provide other account records previously requested in Petitioner's April 28, 2016 correspondence.

On August 31, 2016, Petitioner wrote to Respondent and again requested an explanation for the overdraft, as well as trust account records that attorneys are required to maintain in accordance with the Maryland Rules. The letter requested a response by September 16, 2016.

On September 16, 2016, Respondent emailed a request for a two-week extension in which he stated that the additional documents requested "will require more time [to] gather." By letter dated September 27, Petitioner acknowledged the extension request and confirmed that a response was due by September 30, 2016. Respondent failed to respond by September 30.

On November 14, 2016, Petitioner received a copy of a letter from Respondent dated September 30, 2016, with an enclosure identified by Respondent as "my **client chronological transaction record** for my trust account which has been requested in your previous correspondence." (emphasis in original). The copy of the September 30, 2016 letter received by Petitioner on November 14, 2016, bore a handwritten post-it note on which Respondent wrote, in part, "Copy of original mailed 9-30-16."

4

Based on the aforementioned findings of fact, the hearing judge concluded that

Respondent violated the Maryland Attorneys' Rules of Professional Conduct ("MARPC")[2]

19-301.15(a) (Safekeeping Property), 19-407 (Attorney Trust Account Record-Keeping),

19-308.1(b) (Disciplinary Matters), and 19-308.4(a) and (d) (Misconduct).  The following

are summaries of the relevant MARPC and the hearing judge's reasoning for concluding

Respondent violated each part.

**Rule 19-301.15 Safekeeping Property (1.15)**

> **(a)** An attorney shall hold property of clients or third persons that is in an
> attorney's possession in connection with a representation separate from
> the attorney's own property.  Funds shall be kept in a separate account
> maintained pursuant to Title 19, Chapter 400 of the Maryland Rules, and
> records shall be created and maintained in accordance with the Rules in
> that Chapter.  Other property shall be identified specifically as such and
> appropriately safeguarded, and records of its receipt and distribution shall
> be created and maintained.  **Complete records of the account funds and
> of other property shall be kept by the attorney and shall be preserved
> for a period of at least five years after the date the record was
> created.**

(emphasis added).  The hearing judge concluded that Respondent violated Rule 19-

301.15(a) because he failed to create and maintain records relating to the funds in his

attorney trust account.  The hearing judge found that this conclusion was supported by

---

[2] Effective July 1, 2016, the Maryland Lawyers' Rules of Professional Conduct ("MLRPC") were renamed the Maryland Attorneys' Rules of Professional Conduct ("MARPC") and re-codified, without substantive change, from Title 16 to Title 19 of the Maryland Rules.  Respondent's misconduct occurred both prior to, and after the recodification.  We refer to the MARPC for consistency throughout this opinion.

"Respondent's inability to produce such records when [Petitioner] requested him to do so on numerous occasions." According to the hearing judge, Respondent should have been able to produce proper records, particularly because the Rule specifies preserving records for a minimum of five years.

**Rule 19-407 Attorney Trust Account Record-Keeping**

> **(a) Creation of Records.** The following records shall be created and maintained for the receipt and disbursement of funds of clients or of third persons:
>
> (1) *Attorney Trust Account Identification.* An identification of all attorney trust accounts maintained, including the name of the financial institution, account number, account name, date the account was opened, date the account was closed, and an agreement with the financial institution establishing each account and its interest-bearing nature.
>
> (2) *Deposits and Disbursements.* A record for each account that chronologically shows all deposits and disbursements, as follows:
>
>> (A) for each deposit, a record made at or near the time of the deposit that shows (i) the date of the deposit, (ii) the amount, (iii) the identity of the client or third person for whom the funds were deposited, and (iv) the purpose of the deposit;
>>
>> (B) for each disbursement, including a disbursement made by electronic transfer, a record made at or near the time of disbursement that shows (i) the date of the disbursement, (ii) the amount, (iii) the payee, (iv) the identity of the client or third person for whom the disbursement was made (if not the payee), and (v) the purpose of the disbursement;
>>
>> (C) for each disbursement made by electronic transfer, a written memorandum authorizing the transaction and identifying the attorney responsible for the transaction.

6

(3) *Client Matter Records.* A record for each client matter in which the attorney receives funds in trust, as follows:

(A) for each attorney trust account transaction, a record that shows (i) the date of the deposit or disbursement; (ii) the amount of the deposit or disbursement; (iii) the purpose for which the funds are intended; (iv) for a disbursement, the payee and the check number or other payment identification; and (v) the balance of funds remaining in the account in connection with the matter; and

(B) an identification of the person to whom the unused portion of a fee or expense deposit is to be returned whenever it is to be returned to a person other than the client.

(4) *Record of Funds of the Attorney.* A record that identifies the funds of the attorney held in each attorney trust account as permitted by Rule 19-408(b).

**(b) Monthly Reconciliation.** An attorney shall cause to be created a monthly reconciliation of all attorney trust account records, client matter records, records of funds of the attorney held in an attorney trust account as permitted by Rule 19-408(b), and the adjusted month-end financial institution statement balance. The adjusted month-end financial institution statement balance is computed by adding subsequent deposits to and subtracting subsequent disbursements from the financial institution's month-end statement balance.

**(c) Electronic Records.** Whenever the records required by this Rule are created or maintained using electronic means, there must be an ability to print a paper copy of the records upon a reasonable request to do so.

**(d) Records to be Maintained.** Financial institution month-end statements, any canceled checks or copies of canceled checks provided with a financial institution month-end statement, duplicate deposit slips or deposit receipts generated by the financial institution, and records created in accordance with section (a) of this Rule shall be maintained for a period of at least five years after the date the record was created.

Based on Respondent's inability to produce the aforementioned records, particularly

7

Respondent's inability to produce a chronological record of all deposits and disbursements (subsection (a)(2)), individual client matter records (subsection (a)(3)), and financial institution month-end statements, canceled checks and duplicate deposit slips or deposit receipts (subsection (d)), the hearing judge found that Respondent violated Rule 19-407.

**Rule 19-308.1 Bar Admission and Disciplinary Matters (8.1)**

> An applicant for admission or reinstatement to the bar, or an attorney in connection with a bar admission application or in connection with a disciplinary matter, shall not:
>
> ***
>
> **(b)** fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter, or **knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority**, except that this Rule does not require disclosure of information otherwise protected by Rule 19-301.6 (1.6).

(emphasis added). The hearing judge accepted the averments of the petition and Petitioner's supporting evidentiary submission, which established that Respondent knowingly failed to respond to Petitioner's letters dated April 28 and July 12, 2016. Both of these letters sought Respondent's explanation regarding the overdraft of his PNC trust account and requested records for that account.

On June 6, 2016, Petitioner's investigator, Mr. Miller, spoke to Respondent and received verbal agreement to provide a response by June 10, 2016. Respondent failed to respond, prompting Mr. Miller to send the July 12 letter, which requested a response by July 22, 2016. Respondent failed to respond to the July 12 letter, but on August 15, Respondent did fax copies of monthly bank statements for February through May 2016.

Respondent did not provide any written explanation or additional records about the bank statements.

Respondent failed to reply to Petitioner's additional letter, dated August 31, 2016, even after obtaining approval for a September 30 extension to respond. On November 14, 2016, Petitioner received correspondence from Respondent that was not fully responsive to Petitioner's requests; furthermore, this correspondence was not timely.

The hearing judge concluded that Respondent knowingly failed to respond to Petitioner's lawful demands for information in connection with Petitioner's investigation.

**Rule 19-308.4 Misconduct (8.4)**

It is professional misconduct for an attorney to:

**(a)** violate or attempt to violate the Maryland Attorneys' Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;

\*\*\*

**(d)** engage in conduct that is prejudicial to the administration of justice[.]

An attorney who "fails to maintain a client trust account in accordance with the applicable rules commits conduct prejudicial to the administration of justice, in violation of [Rule] 8.4(d)." *Attorney Grievance Commission v. Moeller*, 427 Md. 66, 74, 46 A.3d 407, 411 (2012). Attorneys may also engage in conduct prejudicial to the administration of justice when they fail to respond completely and in a timely manner to Bar Counsel's requests for information during the investigation of a complaint. *See, e.g., Attorney Grievance Commission v. Rose*, 383 Md. 385, 392, 859 A.2d 659, 663 (2004) (quoting the

9

hearing judge's finding that Rose's "failure to promptly and sufficiently respond to Bar Counsel's requests for information [was] 'conduct prejudicial to the administration of justice.'"). The hearing judge concluded that Respondent violated Rule 19-308.4(d) by failing to maintain trust account records and by repeatedly failing to respond to Bar Counsel's lawful demands for information.

Based on the finding of other violations, the hearing judge also concluded that Respondent violated Rule 19-308.4(a).

**Aggravating and Mitigating Factors**

This Court has identified aggravating factors it will consider in determining a sanction. The Attorney Grievance Commission has the burden of proving these factors by clear and convincing evidence. *See* Md. Rule 19-727(c). In *Attorney Grievance Commission of Maryland v. Shuler*, 443 Md. 494, 506–07, 117 A.3d 38, 46 (2015), this Court explained that the following aggravating factors should be considered:

> (1) prior attorney discipline; (2) a dishonest or selfish motive; (3) a pattern of misconduct; (4) multiple violations of the [MARPC]; (5) bad faith obstruction of the attorney discipline proceeding by intentionally failing to comply with the Maryland Rules or orders of this Court or the hearing judge; (6) submission of false evidence, false statements, or other deceptive practices during the attorney discipline proceeding; (7) a refusal to acknowledge the misconduct's wrongful nature; (8) the victim's vulnerability; (9) substantial experience in the practice of law; (10) indifference to making restitution or rectifying the misconduct's consequences; (11) illegal conduct, including that involving the use of controlled substances; and (12) likelihood of repetition of the misconduct.

The hearing judge noted that in this Court's opinion from December 2016, *Johnson*, 450 Md. at 652, 150 A.3d at 356-57, we found six aggravating factors, four of which

10

existed in the case at issue: factor 3 (a pattern of misconduct), factor 4 (multiple violations of the MARPC), factor 5 (bad faith obstruction of a disciplinary proceeding by refusing to comply with Bar Counsel's requests for documents and other information), and factor 9 (substantial experience in the practice of law). The hearing judge also found the existence of aggravating factor 1 (prior attorney discipline) due to Respondent's previous suspension.

This Court has also identified mitigating factors that it will consider in determining a sanction. Respondent has the burden of proving these factors by a preponderance of the evidence. *See* Md. Rule 19-727(c). Mitigating factors include the following:

> Absence of a prior disciplinary record; absence of a dishonest or selfish motive; personal or emotional problems; timely good faith efforts to make restitution or to rectify consequences of misconduct; full and free disclosure to disciplinary board or cooperative attitude toward proceedings; inexperience in the practice of law; character or reputation; physical or mental disability or impairment; delay in disciplinary proceedings; interim rehabilitation; imposition of other penalties or sanctions; remorse; and finally, remoteness of prior offenses.

*Attorney Grievance Comm'n of Maryland v. White*, 448 Md. 33, 73, 136 A.3d 819, 842 (2016). Respondent failed to appear at the evidentiary hearing and therefore, did not establish any mitigating factors.

## STANDARD OF REVIEW

It is well established that "[t]his Court has original and complete jurisdiction over attorney discipline proceedings in Maryland." *Attorney Grievance Comm'n of Maryland v. Hodes*, 441 Md. 136, 168, 105 A.3d 533, 552 (2014) (internal quotations omitted). At all times, Petitioner has the burden of proving the allegations against the Respondent by

11

clear and convincing evidence. *Attorney Grievance Comm'n of Maryland v. Edib*, 415 Md. 696, 706, 4 A.3d 957, 964 (2010); *see also* Md. Rule 19-727(c). As we have often explained:

> We conduct an independent review of the record and accept the hearing judge's findings of fact unless they are clearly erroneous. Deference is accorded to the hearing judge's findings, who is in the best position, as the fact-finder, to assess the credibility of a witness. Findings of fact to which neither party takes exception may be treated by us as conclusively established. However, if exceptions are filed, the Court of Appeals shall determine whether the findings of fact have been proven by the requisite standard of proof outlined in Md. Rule [19–727(c)].[3] We review[,] *de novo*, the hearing judge's conclusions of law.

*White*, 448 Md. at 50, 136 A.3d at 828–29 (internal citations, quotations, and brackets omitted).

## DISCUSSION

Respondent did not present exceptions to the hearing judge's findings of fact and conclusions of law, nor did Respondent file anything in opposition to Petitioner's averments. We therefore accept the facts as presented.

We find that the inability of Respondent to produce records of account funds that were responsive to Petitioner's request established a violation of Rules 19-301.15(a)

---

[3] This Court in *White* cited to then-Maryland Rule 16-757(b), which is recodified as 19-727(c) and provides:

> **(c) Burdens of Proof.** Bar Counsel has the burden of proving the averments of the petition by clear and convincing evidence. If the attorney asserts an affirmative defense or a matter of mitigation or extenuation, the attorney has the burden of proving the defense or matter by a preponderance of the evidence.

(Safekeeping Property) and 19-407 (Attorney Trust Account Record-Keeping). Petitioner requested that Respondent explain a February 22, 2016 overdraft in his attorney trust account, which Respondent never clarified. The inability to provide an accurate record or explanation of this overdraft is a violation of Rule 19-301.15, particularly because the rule specifies that attorney's should preserve "complete records of the account funds . . . for a period of at least five years after the date the record was created." Maryland Rule 19-407 specifies that attorneys must maintain account records. Respondent's inability to produce such records, particularly chronological records of deposits and disbursements, individual client matter records, financial month-end statements, canceled checks, and duplicate deposit slips or deposit receipts, results in a violation of Rule 19-407.

We further find that Respondent violated Rule 19-308.1(b) (Bar Admission and Disciplinary Matters) because Respondent knowingly failed to respond to Petitioner's April 28 and July 12, 2016 letters. Despite Respondent's verbal agreement to reply to Petitioner on June 6, 2016, Respondent failed to reply by the deadline that was agreed upon with Petitioner's investigator. Subsequently, Respondent failed to reply to Petitioner's additional letter, dated August 31, 2016. This knowing failure to respond to lawful demands for information constitutes a violation of Rule 19-308.1.

We find that Respondent also violated Rule 19-308.4(a) and (d) (Misconduct). Respondent's failure to maintain his trust account in accordance with the MARPC, in addition to Respondent's repeated failure to promptly respond to Bar Counsel's request for information, constitutes a violation of Rule 19-308.4(d) (*see Moeller*, 427 Md. at 72, 46

13

A.3d at 411; *see also Rose*, 383 Md. at 392, 859 A.2d at 663). Because Respondent has violated other rules, as previously outlined, we conclude that Respondent also violated Rule 19-308.4(a).

## SANCTION

We hold that Respondent violated MARPC 19-301.15(a) (Safekeeping Property), 19-407 (Attorney Trust Account Record-Keeping), 19-308.1(b) (Disciplinary Matters), and 19-308.4(a) and (d) (Misconduct).

We agree with the hearing judge's finding of aggravating factors and concur that there are no mitigating factors.

This Court considers aggravating and mitigating factors in fashioning sanctions. *Attorney Grievance Commission v. Ndi*, 459 Md. 42, 63, 184 A.3d 25, 37 (2018). Maryland Rule 19-741(c)(1) provides that this Court "may order (A) disbarment, (B) suspension, (C) a reprimand, (D) placement on inactive status, (E) dismissal of the disciplinary or remedial action, or (F) a remand for further proceedings."

Respondent's cumulative violations, discussed *supra*, warrant disbarment. While awaiting the disposition of his former disciplinary charges that included his lack of responsiveness, *Johnson,* 450 Md. 621, 150 A.3d 338, Respondent again failed to fully respond to Petitioner's lawful requests for information, resulting in the present action. As mentioned, the matters at issue were not before us in the previous *Johnson* opinion, but are considered here as an aggravating factor of prior misconduct.

14

In aggregate, Respondent's violations represent a neglect for his professional responsibilities. Respondent's failure to create and maintain records relating to the funds in his trust account, knowing and repeated failure to respond to Petitioner's lawful demands for information in a timely manner, and prejudicial conduct towards the legal profession, in conjunction with a number of aggravating factors including prior misconduct, require us to contemplate a sanction that is commensurate with Respondent's conduct. *Attorney Grievance Commission of Maryland v. Walker-Turner, Sr.,* 428 Md. 214, 233, 51 A.3d 553, 564 (2012). Of note, Respondent failed to participate in the disciplinary hearings in any meaningful way: he failed to file an answer to the Petition for Disciplinary or Remedial Action, resulting in an order of default; he did not move to vacate the order, nor did he appear before the hearing judge or this Court. In crafting a sanction, we must not only consider a sanction that is "commensurate with the gravity and intent of the misconduct[,]" but we must also consider "protect[ing] the public and the public's confidence in the legal profession[.]" *Id.* Given the specific facts of the instant case, we believe that the appropriate sanction that protects the public and the public's confidence in the legal profession and is commensurate with the gravity of Respondent's violations is disbarment.

**IT IS SO ORDERED; RESPONDENT SHALL PAY ALL COSTS AS TAXED BY THE CLERK OF THIS COURT, INCLUDING COSTS OF ALL TRANSCRIPTS, PURSUANT TO MARYLAND RULE 19-709(d), FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR OF THE ATTORNEY GRIEVANCE COMMISSION AGAINST JEROME P. JOHNSON.**

16